**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| FLEET CONNECT SOLUTIONS LLC, | CIVIL ACTION NO. 6:21-CV-00987 |
| Plaintiff, | |
| v. | |
| PRECISION DRILLING CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Fleet Connect Solutions LLC ("FCS") files this complaint against Precision Drilling Corporation ("Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**PARTIES**

1.      Plaintiff is a limited liability company formed under the laws of Texas with its registered office address located in Austin, Texas.

2.      Defendant Precision Drilling Corporation is a corporation organized and existing under the laws of Canada with its principal place of business at 525 8th Avenue S.W., Suite 800, Calgary, AB T2P 1G1 Canada.

3.      Defendant is registered to do business in Texas, and can be served at its registered service address: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

## JURISDICTION AND VENUE

4.    FCS repeats and re-alleges the allegations in Paragraphs 1-3 as though fully set forth in their entirety.

5.    This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

6.    Venue is proper against Defendant pursuant to 28 U.S.C. § 1391(c)(3) because venue is proper in any judicial district against a foreign corporation. *See In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

7.    Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in this judicial district, including:  (i) At least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

8.    Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in the Western District of Texas directly, through intermediaries, by contributing to and through its inducement of third parties, and offers its products or services, including those accused of infringement here, to customers and potential customers located in Texas, including in the Western District of Texas.

9.    Defendant commits acts of infringement from this district, including, but not limited to, use of the Accused Instrumentalities and inducement of third parties to use the Accused Instrumentalities.

## THE ASSERTED PATENTS AND ACCUSED INSTRUMENTALITIES

10.    FCS repeats and re-alleges the allegations in Paragraphs 1-9 as though fully set forth in their entirety.

11.    Defendant uses, causes to be used, provides, supplies, or distributes one or more fleet management and tracking solutions, including, but not limited to, the KeepTruckin Asset Tracking System, KeepTruckin Asset Gateway, KeepTruckin Asset Gateway Dashboard, KeepTruckin Vehicle Gateway, KeepTruckin GPS Tracking Application, and the KeepTruckin app, along with associated hardware, software, and functionality (the "Accused Instrumentalities").[1]

12.    The Accused Instrumentalities perform wireless communications and methods associated with performing and/or implementing wireless communications including, but not limited to, wireless communications and methods pursuant to various protocols and implementations, including, but not limited to, Bluetooth, IEEE 802.11, IEEE 802.15, and IEEE 802.16 protocols and various subsections thereof, including, but not limited to, 802.11ac, 802.11b, and 802.11n.[2]

13.    The wireless communcations performed and/or implemented by the Accused Instrumentalities, among other things, generate and transmit packets for wireless communications and communicate data via a plurality of wireless transceivers using a plurality of wireless protocols, and encode data pursuant to one or more of those wireless protocols.  *See, e.g.*, Exs. G and H.

---

[1]  *See, e.g.,* Ex. F, screenshot of <https://keeptruckin.com/case-studies/precision-drilling> (captured September 22, 2021).

[2]  *See, e.g.*, Ex. G, <https://support.keeptruckin.com/s/articles/Enable-your-mobile-device-for-Bluetooth?language=en_US> (captured September 22, 2021); Ex. H, <https://keeptruckin.com/wifi-hotspot> (captured September 22, 2021).

14.      The Accused Instrumentalities also track, analyze, and report vehicle maintenance needs,[3] track or cause to be tracked vehicle and cargo locations and provide methods for enforcing various vehicle codes, including Department of Transportation compliance regulations,[4] and allow for communication between a system administrator and a remote unit, including broadcasting advisory communications. *Id.*

15.      For these reasons and the additional reasons detailed below, the Accused Instrumentalities practice at least one claim of each of U.S. Patent Nos. 6,429,810 (the "'810 patent"), 7,450,955 (the "'955 patent"), 7,463,896 (the "'896 patent"), 7,536,189 (the "'189 patent"), and 7,742,388 (the "'388 patent") (collectively, the "Asserted Patents").

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,429,810

16.      FCS repeats and re-alleges the allegations in Paragraphs 1-15 as though fully set forth in their entirety.

17.      FCS owns all substantial rights, interest, and title in and to the '810 patent, including the sole and exclusive right to prosecute this action and enforce the '810 patent against infringers and to collect damages for all relevant times.  The United States Patent and Trademark Office duly issued the '810 patent on August 6, 2002.  A true and correct copy of the '810 patent is attached as Exhibit A.

18.      The '810 patent is titled "Integrated Air Logistics System."

---

[3] *See, e.g.*,  Ex. I, <https://keeptruckin.com/maintenance-fuel-solution> (captured September 22, 2021).
[4] *See, e.g.*,  Ex. J, <https://keeptruckin.com/eld-compliance-solution> (captured September 22, 2021).

19.     The claims of the '810 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of logistics and tracking systems.

20.     The written description of the '810 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

21.     Defendant has directly infringed the '810 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

22.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '810 patent.

23.     For example, Defendant, using the Accused Instrumentalities, performs a method of providing container status information to a user.  The method includes attaching an electronic communications unit to a shipping container; generating a transaction identification code, wherein said transaction identification code is specific to said shipping container and specific to at least one user transaction; initiating a status inquiry utilizing said transaction identification code, wherein said user performs said initiating step; receiving said status inquiry by a ground communications system; transmitting said status inquiry to said electronic communications unit by said ground communications system; obtaining a status information response by said electronic communications unit; transmitting said status information response to said ground

communications system by said electronic communications unit; and forwarding said status information response to said user by said ground communications system.

24.     FCS has been damaged as a result of the infringing conduct by Defendant alleged above.  Defendant is liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

25.     FCS or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '810 patent.

26.     Defendant had knowledge of the '810 patent at least as of the date when they were notified of the filing of this action.

27.     Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of FCS's patent rights.

28.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

29.     Defendant's direct infringement of the '810 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of FCS's rights under the patent.

30.     FCS has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

31.     FCS has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  FCS has and will continue to suffer this harm by

virtue of Defendant's infringement of the '810 patent. Defendant's actions have interfered with and will interfere with FCS's ability to license technology. The balance of hardships favors FCS's ability to commercialize its own ideas and technology. The public interest in allowing FCS to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,450,955

32.     FCS repeats and re-alleges the allegations in Paragraphs 1-31 as though fully set forth in their entirety.

33.     FCS owns all substantial rights, interest, and title in and to the '955 patent, including the sole and exclusive right to prosecute this action and enforce the '955 patent against infringers and to collect damages for all relevant times. The United States Patent and Trademark Office duly issued the '955 patent on November 11, 2008. A true and correct copy of the '955 patent is attached as Exhibit B.

34.     The '955 patent is titled "System And Method For Tracking Vehicle Maintenance Information."

35.     The claims of the '955 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting methods and systems for tracking vehicle maintenance information.

36.     The written description of the '955 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from

and improved upon what may have been considered conventional or generic in the art at the time of the invention.

37.      Defendant has directly infringed the '955 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

38.      Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '955 patent.

39.      For example, Defendant, using the Accused Instrumentalities, performs a method for tracking vehicle maintenance information by a system administrator.  The method includes identifying by the system administrator a vehicle associated with a vehicle identifier of a receiving mobile unit; determining a warning associated with the vehicle; generating baseband message data indicating the warning by constructing at least one data packet from a plurality of data fields, the data fields including a unique identifier of a transmitting mobile unit, and the vehicle identifier of the receiving mobile unit; upconverting the baseband message data to radio frequency for transmission to the receiving mobile unit; transmitting the upconverted baseband message data from the transmitting mobile unit to the receiving mobile unit, thereby indicating the warning; and receiving a confirmation of receipt from the receiving mobile unit including parsing the confirmation of receipt to confirm the warning was received.

40.      FCS has been damaged as a result of the infringing conduct by Defendant alleged above.  Defendant is liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

41.      FCS or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '955 patent.

42.     Defendant had knowledge of the '955 patent at least as of the date when they were notified of the filing of this action.

43.     Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of FCS's patent rights.

44.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

45.     Defendant's direct infringement of the '955 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of FCS's rights under the patent.

46.     FCS has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

47.     FCS has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  FCS has and will continue to suffer this harm by virtue of Defendant's infringement of the '955 patent.  Defendant's actions have interfered with and will interfere with FCS's ability to license technology.  The balance of hardships favors FCS's ability to commercialize its own ideas and technology.  The public interest in allowing FCS to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,463,896

48.     FCS repeats and re-alleges the allegations in Paragraphs 1-47 as though fully set forth in their entirety.

49.     FCS owns all substantial rights, interest, and title in and to the '896 patent, including the sole and exclusive right to prosecute this action and enforce the '896 patent against infringers and to collect damages for all relevant times.  The United States Patent and Trademark Office duly issued the '896 patent on December 9, 2008.  A true and correct copy of the '896 patent is attached as Exhibit C.

50.     The '896 patent is titled "System And Method For Enforcing A Vehicle Code."

51.     The claims of the '896 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting systems for enforcing vehicle codes.

52.     The written description of the '896 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

53.     Defendant has directly infringed the '896 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

54.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '896 patent.

55.     For example, Defendant, using the Accused Instrumentalities, performs a method for enforcing a vehicle code.  The method includes receiving a wireless communication signal by a first mobile unit having a unique identifier, the wireless communication signal transmitted by a second mobile unit associated with a vehicle; downconverting data in the received wireless communication signal from radio frequency to baseband; determining based on the downconverted data: a vehicle identifier associated with the vehicle, and a GPS position associated with the vehicle; determining by a system administrator a status of the vehicle using the vehicle identifier to monitor the vehicle for code enforcement, wherein the determining the status includes parsing the received wireless communication signal to determine the status of the vehicle; generating baseband message data indicating the status by constructing at least one data packet from a plurality of data fields, the data fields including the unique identifier of the first mobile unit and the vehicle identifier; and upconverting the baseband message data to radio frequency for transmission to the second mobile unit, thereby transmitting the upconverted baseband message data indicating the status of the vehicle.

56.     FCS has been damaged as a result of the infringing conduct by Defendant alleged above.  Defendant is liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

57.     FCS or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '896 patent.

58.     Since at least the time of receiving this Complaint, Defendant has also indirectly infringed the '896 patent by inducing others to directly infringe the '896 patent.  Defendant has induced end-users, including, but not limited to, Defendant's employees, partners, or contractors,

11

to directly infringe, either literally or under the doctrine of equivalents, the '896 patent by providing or requiring use of the Accused Instrumentalities. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentalities in a manner that infringes one or more claims of the '896 patent, including, for example, claim 1 of the '896 patent. Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Accused Instrumentalities in an infringing manner; or distributing instructions that guide users to use the Accused Instrumentalities in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the '896 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Instrumentalities by others would infringe the '896 patent. Defendant's inducement is ongoing.

59.      Defendant has also indirectly infringed by contributing to the infringement of the '896 patent. Defendant has contributed to the direct infringement of the '896 patent by their personnel, contractors, and customers. The Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '896 patent, including, for example, claim 1 of the '896 patent. The special features include, for example, the method recited in claim 1, including all the intermediary steps, that allow the claimed method to aid in enforcement of vehicle codes. The special features constitute a material part of the invention of one or more of the claims of the '896 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

60.      Defendant had knowledge of the '896 patent at least as of the date when they were notified of the filing of this action.

61.      Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of FCS's patent rights.

62.      Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

63.      Defendant's direct and indirect infringement of the '896 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of FCS's rights under the patent.

64.      FCS has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

65.      FCS has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  FCS has and will continue to suffer this harm by virtue of Defendant's infringement of the '896 patent.  Defendant's actions have interfered with and will interfere with FCS's ability to license technology.  The balance of hardships favors FCS's ability to commercialize its own ideas and technology.  The public interest in allowing FCS to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,536,189

66.    FCS repeats and re-alleges the allegations in Paragraphs 1-65 as though fully set forth in their entirety.

67.    FCS owns all substantial rights, interest, and title in and to the '189 patent, including the sole and exclusive right to prosecute this action and enforce the '189 patent against infringers and to collect damages for all relevant times.  The United States Patent and Trademark Office duly issued the '189 patent on May 19, 2009.  A true and correct copy of the '189 patent is attached as Exhibit D.

68.    The '189 patent is titled "System And Method For Sending Broadcasts In A Social Network."

69.    The claims of the '189 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting systems and methods for broadcasting advisory communications to remote units.

70.    The written description of the '189 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

71.    Defendant has directly infringed the '189 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

72.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '189 patent.

73.     For example, Defendant, using the Accused Instrumentalities, performs a method for a system administrator to broadcast an advisory communication to at least one remote unit. The method includes accessing a website by a system administrator to send an advisory communication, the website comprising an audio-visual interface for inputting the advisory communication; filtering a plurality of remote units by the system administrator operating the website, the filtering being based upon at least one information field to determine from the plurality of remote units at least one of a first remote unit and a second remote unit to receive a broadcast of the advisory communication; assembling at least one packet of the advisory communication, the at least one packet comprising at least one of: a first packet comprising a data message for the first remote unit, and a second packet comprising a voice message for the second remote unit; forwarding the at least one packet to a router for transmission transmitting the at least one packet to alert at least one of the first remote unit and the second remote unit of the advisory communication; and storing, by the website, a log associated with the advisory communication.

74.     FCS has been damaged as a result of the infringing conduct by Defendant alleged above. Defendant is liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

75.     FCS or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '189 patent.

76.     Defendant had knowledge of the '189 patent at least as of the date when they were notified of the filing of this action.

77.     Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of FCS's patent rights.

78.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

79.     Defendant's direct infringement of the '189 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of FCS's rights under the patent.

80.     FCS has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

81.     FCS has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  FCS has and will continue to suffer this harm by virtue of Defendant's infringement of the '189 patent.  Defendant's actions have interfered with and will interfere with FCS's ability to license technology.  The balance of hardships favors FCS's ability to commercialize its own ideas and technology.  The public interest in allowing FCS to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 7,742,388

82.     FCS repeats and re-alleges the allegations in Paragraphs 1-81 as though fully set forth in their entirety.

83.     FCS owns all substantial rights, interest, and title in and to the '388 patent, including the sole and exclusive right to prosecute this action and enforce the '388 patent against infringers and to collect damages for all relevant times.  The United States Patent and Trademark Office duly issued the '388 patent on June 22, 2010.  A true and correct copy of the '388 patent is attached as Exhibit E.

84.     The '388 patent is titled "Packet Generation Systems And Methods."

85.     The claims of the '388 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting systems and methods of generating packets in a digital communications system.

86.     The written description of the '388 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

87.     Defendant has directly infringed the '388 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

88.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '388 patent.

89.     For example, Defendant, using the Accused Instrumentalities, performs a method including generating a packet with a size corresponding to a protocol used for a network transmission, wherein the packet comprises a preamble having a first training symbol and a second training symbol.  The method further includes increasing the size of the packet by adding

subcarriers to the second training symbol of the packet to produce an extended packet, wherein a quantity of subcarriers of the second training symbol is greater than a quantity of subcarriers of the first training symbol; and transmitting the extended packet from an antenna.

90.     FCS has been damaged as a result of the infringing conduct by Defendant alleged above.  Defendant is liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

91.     FCS or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '388 patent.

92.     Since at least the time of receiving this Complaint, Defendant has also indirectly infringed the '388 patent by inducing others to directly infringe the '388 patent.  Defendant has induced end-users, including, but not limited to, Defendant's employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '388 patent by providing or requiring use of the Accused Instrumentalities.  Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentalities in a manner that infringes one or more claims of the '388 patent, including, for example, claim 1 of the '388 patent.  Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Accused Instrumentalities in an infringing manner; or distributing instructions that guide users to use the Accused Instrumentalities in an infringing manner.  Defendant is performing these steps, which constitute induced infringement with the knowledge of the '388 patent and with the knowledge that the induced acts constitute infringement.  Defendant is aware that the normal and customary

use of the Accused Instrumentalities by others would infringe the '388 patent.  Defendant's inducement is ongoing.

93.      Defendant has also indirectly infringed by contributing to the infringement of the '388 patent.  Defendant has contributed to the direct infringement of the '388 patent by their personnel, contractors, and customers.  The Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '388 patent, including, for example, claim 1 of the '388 patent.  The special features include, for example, the method recited in claim 1, including all the intermediary steps, that allow the claimed method to generate packets in a digital communications system.  The special features constitute a material part of the invention of one or more of the claims of the '388 patent and are not staple articles of commerce suitable for substantial non-infringing use.  Defendant's contributory infringement is ongoing.

94.      Defendant had knowledge of the '388 patent at least as of the date when they were notified of the filing of this action.

95.      Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of FCS's patent rights.

96.      Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

97.      Defendant's direct and indirect infringement of the '388 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of FCS's rights under the patent.

98.      FCS has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to FCS in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

99.      FCS has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  FCS has and will continue to suffer this harm by virtue of Defendant's infringement of the '388 patent.  Defendant's actions have interfered with and will interfere with FCS's ability to license technology.  The balance of hardships favors FCS's ability to commercialize its own ideas and technology.  The public interest in allowing FCS to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

FCS hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

FCS requests that the Court find in its favor and against Defendant, and that the Court grant FCS the following relief:

a.      Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

b.      A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the Asserted Patents; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the Asserted Patents by such entities;

c.      Judgment that Defendant account for and pay to FCS all damages to and costs incurred by FCS because of Defendant's infringing activities and other conduct complained of herein;

d.      Judgment that Defendant's infringements be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.      Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f.      That this Court declare this an exceptional case and award FCS its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g.      All other and further relief as the Court may deem just and proper under the circumstances.

Dated: September 24, 2021          Respectfully submitted,

By: /s/ Jonathan L. Hardt
Jonathan L. Hardt (TX 24039906)*
C. Matthew Rozier (CO 46854)**
**Rozier & Hardt, PLLC**
1105 Nueces Street, Suite A
Austin, Texas 78701
Telephone (210) 289-7541
Email: hardt@rh-trial.com
Email: matt@rh-trial.com

James F. McDonough, III
Jonathan R. Miller
Travis E. Lynch
Heninger Garrison Davis LLC
3621 Vinings Slope, Suite 4320
Atlanta, GA 30339
Telephone: 404-996-0869, -0863, -0867
Email: jmcdonough@hgdlawfirm.com
Email: jmiller@hgdlawfirm.com
Email: tlynch@hgdlawfirm.com

***Attorneys for Plaintiff Fleet Connect Solutions
LLC***

*Admitted to the Western District of Texas
** Admitted *Pro Hac Vice*