**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| FLEET CONNECT SOLUTIONS LLC,<br><br>              Plaintiff,<br><br>v.<br><br>PRECISION DRILLING CORPORATION,<br><br>              Defendant. | Case No. 6:21-CV-00987-ADA |

**DEFENDANT PRECISION DRILLING CORPORATION'S
OPPOSED MOTION TO STAY PENDING RESOLUTION OF
<u>MANUFACTURER'S DECLARATORY JUDGMENT ACTION</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 2

III. ARGUMENT ..................................................................................................................... 3

    A. Legal Standard ....................................................................................................... 3

    B. The Court Should Stay this Case Because the Customer-Suit Exception Factors are Satisfied ................................................. 5

        i. Precision Drilling is a "Mere Reseller" for Purposes of the Customer-Suit Exception ............................................................................. 5

        ii. Precision Drilling Agrees to be Bound by the Outcome of the KT DJ ..................................................................................................................... 7

        iii. Keep Truckin, The Manufacturer, is the Only Source of the Accused Instrumentalities ............................................................................. 8

    C. The General Stay Factors Weigh in Favor of Staying This Case .......................... 9

        i. A Stay Will Not Unduly Prejudice Fleet Connect or Present a Clear Tactical Disadvantage ..................................................................... 9

        ii. A Stay Will Simplify the Issues in Question Because the KT DJ Will Resolve the Liability Allegations Against Customer Precision Drilling ................................................................................................... 10

        iii. Discovery is Not Complete and No Trial Date Has Been Set ................. 10

IV. CONCLUSION ................................................................................................................ 10

## **TABLE OF AUTHORITIES**

*Anderson v. Red River Waterway Comm'n*,
   231 F.3d 211 (5th Cir. 2000) ...........................................................................................3

*CyWee Grp. Ltd. v. Huawei Device Co.*,
   No. 2:17-cv-495-WCB, 2018 U.S. Dist. LEXIS 142173 (E.D. Tex. Aug. 22,
   2018) ..............................................................................................................................5, 7

*Glenayre Elecs. Inc. v. Jackson*,
   443 F.3d 851 (Fed. Cir. 2006)..........................................................................................6

*Global Equity Mgmt. (SA) Pty. Ltd. V. Ericsson, Inc.*,
   No. 2:16-cv-00618-RWS-RSP, 2017 U.S. Dist. LEXIS 9971 (E.D. Tex. Jan.
   24, 2017) .......................................................................................................................6, 9

*In re Google Inc.*,
   588 F. App'x 988 (Fed. Cir. 2014) ...........................................................................4, 8, 9

*Katz v. Lear Siegler, Inc.*,
   909 F.2d 1459 (Fed. Cir. 1990).....................................................................................4, 8

*Kerotest Mft. Co. v. C-O-Two Fire Equip. Co.*,
   342 U.S. 180 (1952).........................................................................................................6

*Kirsch Research & Dev., LLC v. BlueLinx Corp.*,
   No. 6:20-cv-00316-ADA, 2021 U.S. Dist. LEXIS 191694 (W.D. Tex. Oct. 4,
   2021) ........................................................................................................................ *passim*

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936).........................................................................................................3

*Lighthouse Consulting Group, LLC v. Truist Bank*
   2:19-CV-00340-JRG, 2020 U.S. Dist. LEXIS 219276 (E.D. Tex. April 7,
   2020) ................................................................................................................................5

*In re Nintendo of Am., Inc.*,
   756 F.3d 1363 (Fed. Cir. 2014).....................................................................................4, 8

*Spread Spectrum LLC v. Eastman Kodak Co.*,
   657 F.3d 1349 (Fed. Cir. 2011)................................................................................4, 5, 8

*VirtualAgility Inc. v. Salesforce.com, Inc.*
   759 F.3d 1307 (Fed. Cir. 2014).......................................................................................9

I.      **INTRODUCTION**

Defendant Precision Drilling Corporation ("Precision Drilling") respectfully moves the Court to stay this case pending resolution of the declaratory judgment action filed against Plaintiff Fleet Connect Solutions, LLC ("Fleet Connect") by the company who is the source of the Accused Instrumentalities: Keep Truckin, Inc. ("Keep Truckin").

Precision Drilling does not manufacture or sell the fleet management and tracking solution products accused of patent infringement here. Precision Drilling is simply the user of those products, which it purchases from Keep Truckin, a leader in the industry of fleet management solutions. Keep Truckin is the proper party to be involved in any patent dispute over the Accused Instrumentalities, not Keep Truckin's customers such as Precision Drilling. In response to this lawsuit and the co-pending lawsuit filed by Fleet Connect in this Court against another Keep Truckin customer, Keep Truckin filed a declaratory judgment action (the "KT DJ") seeking a determination that the patents-in-suit are invalid and not infringed. The KT DJ will fully resolve Fleet Connect's infringement allegations against Precision Drilling.

Keep Truckin is known to Fleet Connect. Fleet Connect sent a letter to Keep Truckin identifying the patents at issue here approximately one year before filing this case. Yet Fleet Connect chose to sue two Keep Truckin customers in this District rather than continue to address the matter with Keep Truckin or sue Keep Truckin itself in its home district, the Northern District of California.

The Court has the power to stay this case under the "customer-suit exception" to the first-filed rule for the purpose of conserving resources, promoting judicial economy and preventing duplicative parallel litigation. The Court can also stay this case by exercising its inherent authority to foster efficiency in the management of its own docket.

This Court, other district courts in the Fifth Circuit and the Court of Appeals for the Federal Circuit have repeatedly held that litigation against or brought by manufacturers like Keep Truckin should take precedence over suits against customers like Precision Drilling. Importantly, to facilitate a stay and avoid any prejudice to Fleet Connect, Precision Drilling agrees to be bound by the outcome of the KT DJ. This ensures that final resolution of the KT DJ will resolve the issues of infringement and validity of the patents-in-suit here.

Precision Drilling accordingly requests that the Court stay this case pending final resolution of the KT DJ.

## II.   BACKGROUND

On September 24, 2021, Fleet Connect filed this lawsuit, alleging that Precision Drilling, a drilling rig contractor headquartered in Calgary, Canada, infringed U.S. Pat. Nos. 6,429,810 ("the '810 patent"); 7,450,955 ("the '955 patent"); 7,463,896 ("the '896 patent"); 7,536,189 ("the '189 patent"); and 7,742,388 ("the '388 patent") (collectively, the "Asserted Patents") by using "the KeepTruckin Asset Tracking System, KeepTruckin Asset Gateway, KeepTruckin Asset Gateway Dashboard, KeepTruckin Vehicle Gateway, KeepTruckin GPS Tracking Application, and the KeepTruckin app, along with associated hardware, software, and functionality" (collectively "the Accused Instrumentalities"). Complaint ¶ 11, 15, ECF No. 1.

Also on September 24, 2021, Fleet Connect filed another lawsuit in this Court against a second Keep Truckin customer, Flying Star Transport, LLC, ("Flying Star") alleging that Flying Star infringed five different patents, but by using the same Accused Instrumentalities that are accused here.[1] The Complaint in that case also mentions Keep Truckin by name.

---

[1] *See Fleet Connect Solutions LLC v. Flying Star Transport, LLC*, No. 6:21-cv-00988 (W.D. Tex.). A motion similar to this one has been filed in the *Flying Star* case.

2

On December 17, 2021, Keep Truckin filed the KT DJ in the U.S. District Court for the Northern District of California seeking a declaration of non-infringement and invalidity of the Asserted Patents and the patents at issue in the Flying Star case.[2] The KT DJ asserts that every claim of the Asserted Patents is invalid and/or not infringed. Therefore, all of the patent claims asserted against Precision Drilling overlap with those contested by Keep Truckin in the KT DJ.

On December 20, 2021, Precision Drilling filed a motion to dismiss the Complaint in this case under Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss, ECF No. 16.

### III.   ARGUMENT

The Court should stay this case for two reasons. First, because the customer-suit exception counsels in favor of a stay, and second, because the traditional stay factors are also met here.

####    A.   Legal Standard

A trial court has broad discretion to stay an action to promote judicial economy. *Kirsch Research & Dev., LLC v. BlueLinx Corp.,* No. 6:20-cv-00316-ADA, 2021 U.S. Dist. LEXIS 191694, at *4 (W.D. Tex. Oct. 4, 2021) (A. Albright) (*citing Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

As this Court noted just two months ago in *Kirsch v. BlueLinx*, the customer-suit exception to the first-filed rule provides that "litigation against <u>or brought by the manufacturer</u> of infringing goods takes precedence over a suit by the patent owner against customers of the

---

[2] *Keep Truckin, Inc. v. Fleet Connect Solutions LLC*, No. 3-21-cv-09775 (N.D. Cal.).

3

manufacturer." *See BlueLinx,* 2021 U.S. Dist. LEXIS 191694, at *4 (*citing Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)) (emphasis added). This rule exists to avoid imposing the burdens of litigation on the customer when possible, because the manufacturer is generally the party with whom the patent holder really has a dispute. *See BlueLinx,* 2021 U.S. Dist. LEXIS 191694, at *5 (*citing In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014)). Because of this, "courts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *BlueLinx,* 2021 U.S. Dist. LEXIS 191694, at *5 (*quoting Spread Spectrum LLC v. Eastman Kodak Co.,* 657 F.3d 1349, 1357 (Fed. Cir. 2011).

To warrant a stay of the customer's suit, the case involving the manufacturer "need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue." *BlueLinx,* 2021 U.S. Dist. LEXIS, 191694 at *5 (*quoting Spread Spectrum,* 657 F.3d at 1357, *citing Katz*, 909 F.2d at 1464). Courts are "instructed to use a 'flexible approach' to avoid wasteful expenditure of resources, and therefore 'stay[] proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected.'" *BlueLinx,* 2021 U.S. Dist. LEXIS, 191694 at *5 (*quoting In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014)); *see also Nintendo*, 756 F.3d at 1365-66 (the customer-suit exception is "designed to facilitate just, convenient, efficient, and less expensive determination." (citations omitted)).

This Court and others consider three factors when evaluating a stay based on the customer suit exception: (1) whether the customer-defendant in the earlier-filed case is merely a "reseller"; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case, including any decision that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the allegedly-infringing product. *See BlueLinx,* 2021 U.S.

4

Dist. LEXIS 191694, at *5-*6 (*citing CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-cv-495-WCB, 2018 U.S. Dist. LEXIS 142173, at *14 (E.D. Tex. Aug. 22, 2018)). These factors should be analyzed with the understanding that "the guiding principles in the customer suit exception cases are efficiency and judicial economy. *See BlueLinx,* 2021 U.S. Dist. LEXIS 191694 at *6; (*citing Spread Spectrum*, 657 F.3d at 1357).

When considering a stay that is not based on the customer suit exception, this Court and others generally consider four factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set. *See BlueLinx,* 2021 U.S. Dist. LEXIS 191694, at *6.

### B.    The Court Should Stay this Case Because the Customer-Suit Exception Factors are Satisfied

The customer suit exception applies here because all of the relevant factors are met.

#### i.    Precision Drilling is a "Mere Reseller" for Purposes of the Customer-Suit Exception

In the context of the customer suit exception, the term "mere reseller" is meant to include not only literal resellers of the accused products, but other entities who are customers of the manufacturer, such as parties who purchase and use the manufacturer's accused products in furtherance of their own business, as would often be the case where a manufacturer sells electronic devices and software applications to its customers, as is the case here. In *Lighthouse Consulting Group, LLC v. Truist Bank*, the court held that the mere use of a manufacturer's technology by a customer makes the customer equivalent to a "reseller" for purposes of the customer suit exception. *Lighthouse Consulting Group, LLC v. Truist Bank* 2:19-CV-00340-JRG, 2020 U.S. Dist. LEXIS 219276, at *4-5 (E.D. Tex. April 7, 2020). This makes sense, given what the customer suit exception is meant to prevent and what it is meant to promote. *See*

5

*Global Equity Mgmt. (SA) Pty. Ltd. V. Ericsson, Inc.*, No. 2:16-cv-00618-RWS-RSP, 2017 U.S. Dist. LEXIS 9971, at *33-34 (E.D. Tex. Jan. 24, 2017) ("[A] "flexible approach" should be applied, regardless of whether a customer Defendant is really a reseller of another Defendant's technology, which includes 'staying proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected'" by application of the exception.).

Here, Precision Drilling has declared that it is not the manufacturer of any of the Accused Instrumentalities. *See* Exhibit A. Indeed, the Complaint acknowledges that the Accused Instrumentalities are Keep Truckin products. *See* Complaint ¶ 11, ECF No. 1. Precision Drilling has also declared that it merely uses the Keep Truckin products in furtherance of its business operations. *See* Exhibit A.

In both this case and the KT DJ, the validity of the Asserted Patents and the infringement of those patents *by Keep Truckin's products* – the only products named in the Complaint – is at issue. Accordingly, both cases involve the same "major issues" of liability and damages. Therefore, resolution of the KT DJ will resolve this case. If Keep Truckin obtains a finding of non-infringement of the Asserted Patents in the KT DJ or if the Asserted Patents are invalidated in the KT DJ, that will be dispositive of Fleet Connect's claims against Precision Drilling. *See, e.g., Kerotest Mft. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 185-86 (1952) (judgment in favor of a manufacturer accused of infringing patent bars suit against customers). On the other hand, if Fleet Connect prevails against Keep Truckin and collects damages in the KT DJ, it will have exhausted its remedies as a patent holder and will be precluded from collecting damages for the same infringing products from a customer of Keep Truckin, such as Precision Drilling. *See, e.g., Glenayre Elecs. Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006) (plaintiff precluded

from seeking damages from customers because damages were already collected from manufacturer).

In short, Precision Drilling plays no role whatsoever in manufacturing the Accused Instrumentalities. Keep Truckin, not Precision Drilling, is the real party with whom Fleet Connect should address its patent infringement issues. This is poised to happen in the KT DJ. Whether the KT DJ is resolved by a finding of liability and a damages award, a settlement, or a finding of non-infringement or invalidity of the Asserted Patents, no issues will remain to be litigated against Precision Drilling (or for that matter, Flying Star). There is no reason for Precision Drilling to be embroiled in litigation with Fleet Connect while a case between Fleet Connect and the manufacturer of the Accused Instrumentalities is pending.

This factor favors application of the customer suit exception.

### ii. Precision Drilling Agrees to be Bound by the Outcome of the KT DJ

Precision Drilling agrees to be bound by the outcome of the KT DJ, an action that encompasses all of the Asserted Patents and all of the Accused Instrumentalities in this case. By "bound by," Precision Drilling means that it agrees not to re-litigate any issues litigated in the KT DJ, even if those issues are resolved in favor of Fleet Connect, and it will satisfy any final judgment against Keep Truckin as to any sales made by Keep Truckin to Precision Drilling to the extent the judgment is not satisfied by Keep Truckin itself. In short, Precision Drilling does not intend to get the benefit of a stay now, but try to get a second bite at the apple or weasel out of an unfavorable decision in the KT DJ later.[3] *See BlueLinx,* 2021 U.S. Dist. LEXIS 191694, at *6-8*; *CyWee Grp. Ltd.,* 2018 U.S. Dist. LEXIS 142173, at *11 (holding that an agreement to be bound

---

[3] To the extent the Court would require a different definition of "bound by" to impose a stay, Precision Drilling would be willing to consider that definition.

7

by the infringement determination in the manufacturer case supports a stay based on the customer suit exception).[4]

This factor favors application of the customer suit exception.

### iii. Keep Truckin, The Manufacturer, is the Only Source of the Accused Instrumentalities

Keep Truckin is the only source of the Accused Instrumentalities. Indeed, the Complaint acknowledges that the Accused Instrumentalities are Keep Truckin-branded products. *See* Complaint ¶ 11, ECF No. 1. This factor favors a stay. *BlueLinx,* 2021 U.S. Dist. LEXIS 191694, at *8.

\* \* \*

"[T]he guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spread Spectrum*, 657 F.3d at 1357 (citation omitted). Fleet Connect's case against Precision Drilling and the KT DJ involve the same main issues – infringement and invalidity of the Asserted Patents. A stay of the present case until the declaratory judgment action is resolved will thus avoid duplicative discovery and briefing, resulting in "substantial savings of litigation resources" for the parties and the Court. *See Google*, 588 F. App'x at 991. Additionally, a stay will properly place the burden of patent litigation involving the Accused Instrumentalities on Keep Truckin (the source of the Accused Instrumentalities), rather than Precision Drilling, who will lack the critical product information needed to defend its case. *Nintendo,* 756 F.3d at 1365. Furthermore, if the present case were to proceed, Fleet Connect would undoubtedly need to seek discovery not only from Precision Drilling, but from third party Keep Truckin. It may not be

---

[4] Even assuming *arguendo* that Precision Drilling did not intend to be bound by the result in the manufacturer suit, courts have found that a stay may still be appropriate because resolution of the major issues in the manufacturer suit will likely resolve these issues as to the customer. *See Katz*, 909 F. 2d at 1464.

8

possible for the Court to compel the appearance at trial from Keep Truckin witnesses, who are the people most knowledgeable about the Accused Instrumentalities. This leaves open the possibility that Fleet Connect will need to rely on deposition testimony from absent Keep Truckin witnesses at trial.

Accordingly, all factors of the customer-suit exception weigh in favor of staying the case here.

### C. The General Stay Factors Weigh in Favor of Staying This Case

The general stay factors also demonstrate that a stay is in the interest of efficiency and judicial economy.

#### i. A Stay Will Not Unduly Prejudice Fleet Connect or Present a Clear Tactical Disadvantage

A stay will not unduly prejudice Fleet Connect because the major issues relevant to its suit against Precision Drilling will be heard, albeit in the KT DJ rather than here. *Global Equity*, 2017 U.S. Dist. LEXIS 9971, at *35. Additionally, "[w]ise judicial administration must also take into consideration the comparative convenience of both venues for resolving the matter." *Google*, 588 F. App'x at 991. Keep Truckin designs, develops and sells the accused products in San Francisco, California. All relevant technical information related to the Accused Instrumentalities will come from them, not Precision Drilling (who is not located in this District anyway). The Northern District of California is therefore an appropriate venue to settle these patent disputes. Furthermore, Fleet Connect will not be disadvantaged with regard to any potential recovery, as any potential monetary relief will remain available to it. *VirtualAgility Inc. v. Salesforce.com, Inc*. 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("A stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy.").

        **ii.**       **A Stay Will Simplify the Issues in Question Because the KT DJ Will Resolve the Liability Allegations Against Customer Precision Drilling**

Precision Drilling's agreement to be bound by the outcome of the KT DJ reduces the burden on all parties and the Court. The KT DJ in the Northern District of California will resolve all of the issues raised in the present case and the Flying Star case, thereby extinguishing two cases on this Court's very full docket and resolving Fleet Connect's issues related to the Accused Instrumentalities in one action rather than three. In turn, the burden on this Court's resources is effectively eliminated. This factor favors a stay.

        **iii.**       **Discovery is Not Complete and No Trial Date Has Been Set**

This case is in its early stages. Precision Drilling has not yet filed an Answer to the Complaint, Discovery has not begun, and no trial date has been set. Hence, this final factor also weighs in favor of a stay.

## IV.   CONCLUSION

For the foregoing reasons, the Court should stay this case pending final resolution of Keep Truckin's declaratory judgment action against Fleet Connect.

| | |
|---|---|
| Dated: December 23, 2021 | Respectfully submitted,<br><br>KELLEY DRYE & WARREN LLP<br><br>By: /Fabio Dworschak/<br>      Fabio Dworschak<br>Attorney-in-Charge<br>Texas Bar No. 24098694<br>Kelley Drye & Warren LLP<br>515 Post Oak Blvd., Suite 900<br>Houston, Texas 77027<br>Telephone: (713) 355-5000<br>Facsimile: (713) 355-5001<br>Fdworschak@kelleydrye.com<br><br>OF COUNSEL<br>Michael J. Zinna (pro hac vice pending)<br>David G. Lindenbaum (pro hac vice pending)<br>Vincent M. Ferraro (pro hac vice pending)<br>3 World Trade Center<br>175 Greenwich Street<br>New York, New York 10007<br>Telephone: (212) 808-7800<br>Facsimile: (212) 808-7897<br><br>*Attorneys for Defendant Precision Drilling Corporation* |

## **CERTIFICATION OF CONFERENCE**

This motion is made pursuant to Local Rule CV-7(g). Counsel met and conferred on December 23, 2021. Zinna Decl. ¶ 4.

Dated: December 23, 2021

By: /Fabio Dworschak/<br>
Fabio Dworschak

## **CERTIFICATION OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on the date below all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and via email.

Dated: December 23, 2021

By: /Fabio Dworschak/
Fabio Dworschak
