**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| FLEET CONNECT SOLUTIONS LLC,<br><br>             Plaintiff,<br><br>v.<br><br>PRECISION DRILLING CORPORATION,<br><br>             Defendant. | Case No. 6:21-CV-00987-ADA |

**DEFENDANT PRECISION DRILLING CORPORATION'S
REPLY IN SUPPORT OF ITS OPPOSED MOTION TO STAY PENDING
<u>RESOLUTION OF MANUFACTURER'S DECLARATORY JUDGMENT ACTION</u>**

# **TABLE OF CONTENTS**

**Page**

I. PLAINTIFF DOES NOT DISPUTE THAT THE CUSTOMER SUIT EXCEPTION FACTORS STRONGLY SUPPORT A STAY ........................................... 1

II. EFFICIENCY AND JUDICIAL ECONOMY WILL BE PROMOTED BY A STAY ................................................................................................................................ 2

III. THE TRADITIONAL STAY FACTORS SUPPORT A STAY ....................................... 4

IV. PLAINTIFF'S MISCHARACTERIZATION OF OPPOSING COUNSEL'S CONDUCT IS IRRELEVANT AND DOES NOT COUNSEL AGAINST A STAY ................................................................................................................................ 4

V. CONCLUSION ................................................................................................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Genentech, Inc. v. Eli Lilly & Co.*,
   998 F.2d 931, 938 (Fed. Cir 1993)..........................................................................................3

*Katz* v. *Lear Siegler, Inc.*,
   909 F.2d 1449, 1464 (Fed. Cir. 1990)......................................................................................3

*Kirsch Research & Dev., LLC v. BlueLinx Corp.*,
   No. 6:20-cv-00316-ADA, 2021 U.S. Dist. LEXIS 191694 (W.D. Tex. Oct 4, 2021).......1, 3, 4

*Spread Spectrum LLC v. Eastman Kodak Co.*,
   657 F.3d 1349 (Fed. Cir 2011).................................................................................................3

**Other Authorities**

Fed. R. Evid. 408 ............................................................................................................................5

The Court should stay this case pending resolution of manufacturer Keep Truckin's declaratory judgment action (the "KT DJ") because that case will resolve the two major issues in this case: the validity of all five patents-in-suit, and the alleged infringement of those patents by the Accused Instrumentalities, all of which are admittedly Keep Truckin products. It would be an enormous waste of resources to make Precision Drilling (and another Keep Truckin customer, Flying Star) litigate their case now, when Keep Truckin – the most interested party here – has stepped up to address this matter with the patent holder directly. Nothing in Plaintiff Fleet Connect's Opposition[1] ("Opp.," ECF No. 28) supports a different conclusion.

## I.   PLAINTIFF DOES NOT DISPUTE THAT THE CUSTOMER SUIT EXCEPTION FACTORS STRONGLY SUPPORT A STAY

Plaintiff's Opposition does not dispute that this Court looks to three factors when evaluating a stay based on the customer suit exception: (1) whether the customer-defendant in the earlier-filed case is merely a "reseller"; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case, including any decision that is in favor of the patent holder; and (3) whether the manufacturer is the only source of the allegedly-infringing product. *See Kirsch Research & Dev., LLC v. BlueLinx Corp.*, No. 6:20-cv-00316-ADA, 2021 U.S. Dist. LEXIS 191694, at *4 (W.D. Tex. Oct 4, 2021) (J. Albright). Inexplicably, Plaintiff's Opposition also does not argue that any of these factors are missing here.

First, Plaintiff does not dispute that Defendant is a "mere reseller" for purposes of the customer suit exception. Plaintiff's Opposition is silent on this point.

Second, Plaintiff acknowledges that Defendant agrees to be bound by any decision in the KT DJ. (Opp., ECF No. 28, 8.) Thus, the second factor is met.

---

[1] Plaintiff's counsel admitted to defense counsel that Plaintiff's Opposition was filed the day after it was due. Plaintiff did not request an enlargement of time.

Third, Plaintiff does not dispute that Keep Truckin is the only source of the Accused Instrumentalities. Indeed, it would be impossible for Plaintiff to make such an argument, because the only products accused of infringement in its original Complaint, First Amended Complaint and Preliminary Infringement Contentions are Keep Truckin products. (Compl., ECF No. 1, ¶¶ 11-15; First. Am. Compl., ECF No. 25, ¶¶ 11-15, 22-23, 38-39, 54-55, 70-71, 86-87.) Therefore, the third factor is also met.

Since there is no dispute that all three of the customer-suit-exception factors favor granting a stay, the Court's analysis can and should stop here, and the motion should be granted.

## II.     EFFICIENCY AND JUDICIAL ECONOMY WILL BE PROMOTED BY A STAY

Unable to argue that the customer-exception factors themselves are not met, Plaintiff asserts that "the primary considerations in applying the doctrine – efficiency and judicial economy – will not be advanced by a stay." (Opp., ECF No. 28, 1.) These arguments fall flat.

Plaintiff claims that a stay is not warranted under the customer suit exception because "the California DJ cannot resolve *all* of the issues here." (Opp., ECF No. 28, 1, 6-9.) According to Plaintiff, it is "primarily" accusing Precision Drilling of directly infringing method claims[2], the steps of which are allegedly performed by Precision Drilling and its employees, not Keep Truckin. (*See* Opp., ECF No. 28, 7-9.) Plaintiff also argues that there is a relevant substantive difference from the perspective of a stay between the direct infringement claims against Precision Drilling and the claims at issue in the KT DJ. Similarly, Plaintiff claims it can collect more damages against Precision Drilling than Keep Truckin. (*See* Opp., ECF No. 28, 1, 8.)

---

[2] Fleet Connect admits that Precision Drilling is also accused of infringing several system claims, so Fleet Connect's argument about the impact of the distinction between method claims and system claims only relates to some of Fleet Connects allegations. (*See* Opp., ECF No. 28, 7). To the extent Fleet Connect focuses on its method claim allegations against Precision to imply that Keep Truckin is not "the party with whom the patent holder really has a dispute," that argument is undercut by Fleet Connect's decision to send a licensing demand to Keep Truckin first.

2

It is well-settled that the manufacturer's case need not have the possibility to resolve all of the issues in the customer case in order for the customer suit exception to apply. *See*, *e.g.*, *BlueLinx*, 2021 U.S. Dist. LEXIS 191694 at *5; *Spread Spectrum LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir 2011). To warrant a stay of the customer's suit, the manufacturer case "need only have the potential to resolve the 'major issues' concerning the claims against the customer – not every issue." *BlueLinx*, 2021 U.S. Dist. LEXIS 191694 at *5. The "major issue" in this case is whether Precision Drilling has infringed the patents-in-suit and is liable to Fleet Connect. The KT DJ has the potential to resolve this issue in several ways, most notably if the patents-in-suit are invalidated in the KT DJ. If that is the result of the KT DJ, the issue of Precision Drilling's infringement need never be reached, and this *entire* customer case will be resolved by the KT DJ, obviating the need for this Court or the parties to expend *any* resources on it. That is the very definition of promoting efficiency and judicial economy. To use a quote Fleet Connect cites with authority, this is a "sound reason that would make it … inefficient to continue the first filed action."[3] (*see* Opp., ECF No. 28, 6 (quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir 1993).)

Fleet Connect's attempt to leverage the different infringement theories and damages possibilities is also misplaced. Despite trying to characterize this case as a direct infringement case and the Keep Truckin dispute as an indirect infringement case, Fleet Connect expressly acknowledges that *both cases* involve direct infringement related to the Accused Instrumentalities. (*Compare* Opp., ECF No. 28, 7 ("Precision Drilling is charged exclusively with direct infringement …") *with* Opp., ECF No. 28, 8 ("The [KT] DJ … seek[s] a declaration

---

[3] Here, there is double the efficiency for the Court because the KT DJ has the potential to fully extinguish not only the present case, but Fleet Connect's co-pending case in this District against Flying Star (C.A. No. 21-cv-988).

3

as to direct and indirect infringement …").)  This renders inapposite every case cited by Fleet Connect for the proposition that some courts have refused to apply the customer suit exception when the manufacturer case concerns indirect infringement and the customer case concerns direct infringement.

Efficiency and judicial economy are promoted by a stay.  The motion should be granted.

### III.  THE TRADITIONAL STAY FACTORS SUPPORT A STAY

In a customer case, this Court "gives great weight" to the three factors considered under the customer-exception. *See BlueLinx* 2021 U.S. Dist. LEXIS 191694 at *8.  But even where, as here, those more-relevant factors counsel in favor of a stay, the Court has in some cases evaluated the four traditional stay factors for the sake of completeness.  *See BlueLinx* 2021 U.S. Dist. LEXIS 191694 at *8-9.   Here, those factors also support a stay.  Fleet Connect does not argue that it would be unduly prejudiced or suffer a clear tactical disadvantage by a stay (factor #1).  It is not disputed that discovery has not been completed (factor #3) or that a trial date has not been set (factor #4).  Fleet Connect does argue that a stay will not simplify the issues here (factor #2), but for the reasons stated herein and in Precision Drilling's opening brief, that argument is misplaced.  The traditional stay factors unequivocally support a stay.

### IV.  PLAINTIFF'S MISCHARACTERIZATION OF OPPOSING COUNSEL'S CONDUCT IS IRRELEVANT AND DOES NOT COUNSEL AGAINST A STAY

With no credible way to argue that the stay factors support denial of the present motion, Plaintiff resorts to mudslinging and raising arguments more properly addressed in the KT DJ.

Fleet Connect proffers a story about alleged deception and nefarious motives by counsel, in a bid to manufacture alleged inequities that it claims could justify denying a stay.  Fleet Connect does not say how these allegations tie to an actual stay factor, but in any event, all of its arguments are baseless.  The simple fact is that Fleet Connect put up several odd barriers to

settlement with Precision Drilling which prevented settlement talks from gaining traction before Keep Truckin decided to step in.  Fleet Connect's admitted unwillingness to provide a concrete settlement offer to Precision Drilling absent an NDA (*See* Opp., ECF 28, 3, ¶¶ 2-3) – in the hopes of engaging in a fishing expedition for financial information before doing so – ended up being the main obstacle.  Indeed, Fleet Connect says that it engaged in this same strange dance with Keep Truckin itself.  (*See* Opp., ECF 28, 4, ¶ 5).  Nothing prevented Fleet Connect from making a confidential settlement offer to any of these parties under FRE 408.  Fleet Connect acknowledges it never did so; it is no wonder settlement talks got nowhere and Fleet Connect now finds itself faced with a manufacturer DJ.[4]  Counsel has never misrepresented any party's interest in possible settlement.

Finally, Fleet Connect asserts that the KT DJ is ripe for dismissal.  This argument is just another red herring.  Fleet Connect does not tie this baseless claim to any stay factor, because that cannot be done.  In any event, dismissal of the KT DJ is a matter to be argued before the court in the Northern District of California, not here.  If Fleet Connect is successful in getting the KT DJ dismissed (a tenuous proposition at best), the stay here could perhaps then be lifted, but that is not a reason to deny Precision Drilling's request for a stay now.

## V.     CONCLUSION

The parties agree that the guiding principles of the customer suit exception are efficiency and judicial economy (Opp., ECF No. 28, 6.)  Here, these considerations favor a stay, along with *every* customer suit exception factor and *every* traditional stay factor. The motion to stay should be granted.

---

[4] Speaking of FRE 408, Fleet Connect improperly props up its baseless allegations of underhanded conduct by utilizing communications that are clearly marked as confidential settlement communications under FRE 408.

5

Dated: January 13, 2022  Respectfully submitted,

**KELLEY DRYE & WARREN LLP**

_____
Fabio Dworschak
Attorney-in-Charge
Texas Bar No. 24098694
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd., Suite 900
Houston, Texas 77027
Telephone: (713) 355-5000
Facsimile: (713) 355-5001
FDworschak@KelleyDrye.com

OF COUNSEL**:**

Michael J. Zinna (admitted *Pro Hac Vice*)
David G. Lindenbaum (admitted *Pro Hac Vice*)
Vincent M. Ferraro (admitted *Pro Hac Vice*)
KELLEY DRYE & WARREN LLP
3 World Trade Center
New York, New York 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
MZinna@KelleyDrye.com
DLindenbaum@KelleyDrye.com
VFerraro@KelleyDrye.com

*Attorneys for Defendant*
*Precision Drilling Corporation*

**CERTIFICATION OF SERVICE**

I HEREBY CERTIFY on this 13th day of January, 2022 I caused the foregoing document to be electronically filed with the Clerk of Court using the Court's CM/ECF system. As such, a true and correct copy of this document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Michael J. Zinna